UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAHSAAN COLEMAN,

        Plaintiff,

    v.

R. E. BARNES, Warden; *et al.*,

        Defendants.
_____/

No. C-14-1640 EMC (pr)

**ORDER OF DISMISSAL**

## I.    INTRODUCTION

Rahsaan Coleman, an inmate at Pelican Bay State Prison, filed this *pro se* prisoner civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

This action asserts claims based on Mr. Coleman's inability to access the law library with sufficient frequency when he had an upcoming deadline in the Ninth Circuit. To analyze the claims in the present action, it is necessary to recount a portion of Mr. Coleman's litigation history.

A.    <u>Events Leading Up To This Action</u>

Mr. Coleman was convicted in 1998 in Contra Costa County Superior Court of voluntary manslaughter and possession of a firearm by a felon, with sentence enhancements. He was sentenced to two consecutive terms of 25 years to life in prison, plus a consecutive nine-year prison term. His conviction was affirmed, and various state habeas petitions were denied. *See Coleman v. McGrath*, No. C 04-4069 PJH, Docket # 27-1 at 6.

Mr. Coleman filed a federal petition for writ of habeas corpus in 2004. *See Coleman v. McGrath*, No. C 04-4069 PJH, Docket # 1. One of the grounds upon which relief was sought was that his conviction was invalid because a state municipal court judge and superior court judge had failed to sign, record and file their oaths of office within the time prescribed by law. *See Coleman v. McGrath*, No. C 04-4069 PJH, Docket # 24 at 2. The district court dismissed the claim because it presented only a question of state law for which federal habeas relief was not available. *Id.* Eventually, the district court denied the habeas petition and denied a certificate of appealability in 2012. *Coleman v. McGrath*, No. C 04-4069 PJH, Docket # 53. The Ninth Circuit also denied a certificate of appealability, *Coleman v. McGrath*, Ninth Cir. No. 12-15767, and the U.S. Supreme Court denied the petition for writ of certiorari in *Coleman v. Lewis*, U.S. S. Ct. No. 12-10601.

In late 2012, Mr. Coleman filed a civil rights action against two state court judges who had presided over portions of his criminal trial, and alleged that they had failed to sign, record and file their oaths of office within the time prescribed by law. *See Coleman v. Brown*, No. C 12-6291 EMC, Docket # 1. This Court dismissed the complaint as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Coleman v. Brown*, No. C 12-6291 EMC, Docket # 5. In its order of dismissal, the Court described the *Heck* rule and then explained why it barred Mr. Coleman's complaint.

> Mr. Coleman claims that defendants violated his rights by causing his conviction in an allegedly unlawful trial – unlawful because defendants' oaths of office were defective. Although he alleges at one point that his complaint "is not challenging the criminal conviction or sentence," he alleges in the next breath that he is "challenging the established state procedure itself which destroyed his rights to a fair trial." Docket # 1-1, p. 15. He requests that the Court issue an order vacating his sentence and conviction, and order a new trial for him. *Id.* at 18. Mr. Coleman's claims are squarely within the *Heck* rule because success on them would call into question the validity of his conviction and sentence from the Contra Costa County Superior Court. The complaint must be dismissed.

*Id.* at 2-3. The Court also explained that the "exclusive method for a state prisoner to challenge his state court conviction or sentence in federal court is by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254," noted that Mr. Coleman had already filed a federal petition for writ of

2

1  habeas corpus, and explained that Ninth Circuit permission was necessary for him to file a second or
2  successive habeas petition. *Id.* at 3.

3      Mr. Coleman filed a notice of appeal from the dismissal of *Coleman v. Brown*, No. C 12-
4  6291. The Ninth Circuit referred the matter to this court to determine whether *in forma pauperis*
5  status should continue for plaintiff on appeal or whether the appeal was frivolous or taken in bad
6  faith. This Court determined that the appeal was frivolous and revoked Mr. Coleman's *in forma*
7  *pauperis* status. *Coleman v. Brown*, No. C 12-6291 EMC, Docket # 10.

8      Meanwhile, things were happening in the appellate court. The Ninth Circuit had docketed
9  the appeal, and sent out to Mr. Coleman a "case opening packet" and "docketing letter" for a *pro se*
10 appeal on May 9, 2013. *Coleman v. Brown*, Ninth Cir. No. 13-15949, Docket # 1. The documents
11 included directions for Mr. Coleman to file his opening brief by August 14, 2013, and explained
12 how to seek an extension of deadlines. *See Coleman v. Brown*, Ninth Cir. No. 13-15949, Docket #
13 1-1 at 8 and Docket # 1-2 at 2. Mr. Coleman mailed his opening brief to the appellate court on July
14 23, 2013; the brief was received at the Ninth Circuit on July 30, 2013. *Coleman v. Brown*, Ninth
15 Cir. No. 13-15949, Docket # 7-1 at 1 and # 7-2 at 37. On August 28, 2013, the Ninth Circuit issued
16 an order in which it stated: "The district court has certified that this appeal is frivolous and has
17 revoked appellant's in forma pauperis status. We deny appellant's motion to proceed in forma
18 pauperis on appeal because we also find the appeal is frivolous." *Coleman v. Brown*, Ninth Cir. No.
19 13-15949, Docket # 8. The Ninth Circuit further ordered that, if Mr. Coleman "wishe[d] to pursue
20 this appeal despite the court's finding that is it frivolous," he had to pay the $455.00 filing fee within
21 21 days or the action would be dismissed for failure to prosecute. *Id.* When Mr. Coleman did not
22 pay the filing fee, the appeal was dismissed on November 5, 2013. *Coleman v. Brown*, Ninth Cir.
23 No. 13-15949, Docket # 12. Mr. Coleman filed a motion to reconsider the dismissal of the appeal on
24 November 22, 2013, but the Ninth Circuit has not, to date, ruled on it. *Coleman v. Brown*, Ninth
25 Cir. No. 13-15949, Docket # 13.

26 B.    <u>Allegations In The Complaint</u>

27     The current complaint blames the dismissal of the just-mentioned appeal on inadequate law
28 library access at Pelican Bay. Specifically, Mr. Coleman alleges that he was granted preferred legal

3

user ("PLU") status on July 7, 2013 for the period from July 15 - August 14, 2013 but received less law library time than he should have received under the prison rules and regulations. He alleges that he should have received four hours per week as a PLU, but he only received a total of 2 hours in the library. Mr. Coleman alleges that the failure to provide adequate law library access "prevented plaintiff to follow-up on the legal research conducted on July 18, 2013. Subsequently, plaintiff submitted his opening brief to the U.S. Court of Appeals for the Ninth Circuit, haphazardly – prepared to the best of plaintiff's abilities as a *pro se* litigant" so that he could meet the schedule deadline of August 14, 2013. Docket # 1 at 9; *see also id.* at 17.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A constitutional right of access to the courts exists, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 353, 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered

4

arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. *See id.* at 351.

The complaint does not state a claim upon which relief may be granted. Even if Mr. Coleman was hindered in his efforts to obtain law library access, he was not hindered in presenting a *non-frivolous* claim, and that is a threshold requirement for a denial of access to the courts claim. As the Supreme Court explained in *Lewis v. Casey*:

> Not everyone who can point to some "concrete" act and is "adverse" can call in the courts to examine the propriety of executive action, but only someone who has been actually injured. Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. *Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.*

*Id.* at 353 n.3 (emphasis added).

Here, this Court had dismissed Mr. Coleman's underlying action for failure to state a claim upon which relief was granted because the complaint was barred by the *Heck* rule. When Mr. Coleman appealed, the district court certified that Mr. Coleman's appeal was frivolous, and the Ninth Circuit similarly found that the appeal was frivolous. Even if he had 24-hour-a-day access to the law library, he would have fared no better on his appeal. The *Heck* bar was an absolute bar to a civil rights action in the circumstances Mr. Coleman faced, and he was not going to find anything in the law library that would have changed that fact. His complaint for denial of access to the courts fails as a matter of law because the appeal he allegedly lost due to non-access to the library was frivolous. *See Lewis v. Casey*, 555 U.S. at 356; *accord Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (in an access-to-the-courts claim, the plaintiff must identify a nonfrivolous, arguable claim that was lost); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1. (failure to show that a nonfrivolous legal claim had been frustrated was fatal to access-to-courts claim).

The fact that Mr. Coleman filed a motion for reconsideration in the Ninth Circuit does not change the result, because the current ruling of the Ninth Circuit is that the appeal was frivolous. (In the extremely unlikely event the Ninth Circuit ever reconsiders and overturns its earlier ruling, Mr.

Coleman might file a new action.) Also, the fact that the Ninth Circuit's ultimate resolution of the appeal was to dismiss it after Mr. Coleman failed to pay the full appellate court filing fee does not change the result here, because that fee became due only upon a finding that the appeal was frivolous.

## IV. CONCLUSION

The complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend will not be granted because it would be futile: plaintiff has fully described the facts and those facts do not amount to a constitutional violation. This action is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this action is without prejudice to plaintiff pursuing any state law claims he has in state court. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 3, 2014

_____
EDWARD M. CHEN
United States District Judge